IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| GARY LEWIS HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 118-065 |
| ) | |
| ANDREW SAUL, Commissioner of ) | |
| Social Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Gary Lewis Hudson appeals the decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I. BACKGROUND**

Plaintiff received Supplemental Social Security income benefits as a child based on the Social Security Administration's decision on February 1, 2011, which determined disability as of August 13, 1996 for borderline intellectual functioning. Tr. ("R."), pp. 25, 82-84. Because Plaintiff turned eighteen on August 25, 2011, the Social Security Administration redetermined

---

[1]Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Andrew Saul, Commissioner of Social Security Administration, as the proper Defendant.

whether Plaintiff was disabled under the rules for determining disability in adults pursuant to 20 C.F.R. § 416.987. R. 82-84. Plaintiff completed a Disability Report on February 1, 2012 as an adult. R. 197-202. Plaintiff has an eleventh-grade education, has not obtained his GED, but has attended some classes in an attempt to obtain his GED. R. 55, 198. Plaintiff has never worked. R. 198, 203-08. On April 18, 2012, the Social Security Administration denied Plaintiff's redetermination of supplemental benefits as an adult. Id.

On April 24, 2012, Plaintiff requested reconsideration of the April 18th redetermination, and on May 22, 2014, a Disability Hearing Officer issued a Report of Disability Hearing, finding Plaintiff was not disabled. R. 92-112. Plaintiff requested a hearing before an ALJ, R. 116-19, and the ALJ held a hearing on June 21, 2016. R. 48-79. At the hearing, the ALJ heard testimony from Plaintiff, represented by attorney William R. McCracken, Eva M. Williams, Plaintiff's mother, and Carl Weldon, a Vocational Expert ("VE"). Id. On August 11, 2016, the ALJ issued an unfavorable decision. R. 22-47.

On October 21, 2016, Plaintiff requested review of the ALJ's decision from the Appeals Council ("AC"), and on October 11, 2017, the AC granted Plaintiff's request for review. R. 177-88. In the AC's October 11th correspondence with Plaintiff, the AC notified Plaintiff it was (1) including the additional severe impairment of Asperger's Disorder to the ALJ's determination; (2) evaluating Plaintiff's medical impairments under the newly revised regulatory criteria of Listing 12.00, revised on January 17, 2017; (3) allowing Plaintiff an opportunity to provide a statement or additional information; and (4) planning to still find Plaintiff is not disabled. R. 182-88. Plaintiff provided a statement, R. 342-44, which the AC considered, but on February 1, 2018, the AC issued an unfavorable decision. R. 4-9.

Applying the sequential process required by 20 C.F.R. § 416.920 and adopting the ALJ's "findings or conclusions regarding whether [Plaintiff] is disabled," the AC found:

1. The claimant has not engaged in substantial gainful activity since the cessation date of April 30, 2012.

2. The claimant has the following severe impairments: borderline intellectual functioning, depression, schizoaffective disorder, and Asperger's disorder, but does not have an impairment or combination of impairments which is listed in, or which is medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

3. The claimant's combination of impairments results in the following limitations on his ability to perform work-related activities: a full range of work at all exertional levels but with nonexertional limitations that the claimant can do simple one to two step tasks on a sustained basis for eight hours a day, five days a week; the claimant would require a low stress work environment, non-production work with no fast paced work like an assembly line; and the claimant should have no public contact and only occasional contact with co-workers.

4. If the claimant were capable of performing the full range of work at all exertional levels, Medical-Vocational Rule 204.00 would direct a finding of "not disabled." However, the claimant's additional limitations significantly erode the occupational base for work at all exertional levels. Therefore, based upon vocational expert testimony regarding a significant number of jobs the claimant could perform, we adopt the finding of the [ALJ] that the claimant was not disabled by applying the framework of Medical-Vocational Rule 204.00.

R. 4-9.

On April 5, 2018, Plaintiff filed this civil action requesting reversal or remand of the adverse decision of the ALJ, as modified by the AC. (Doc. no. 1.) Plaintiff argues the Commissioner's decision is not supported by substantial evidence because (1) the ALJ erred by finding Plaintiff did not meet the Medical Listing 12.05C in effect at the time of the ALJ's decision; (2) the ALJ gave great weight to the initial medical evaluations even though these evaluations did not consider subsequently admitted medical evidence of Plaintiff; and (3) the

3

AC did not apply the same version of the Medical Listings as the ALJ. See doc. no. 11 ("Pl.'s Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 14.

**II.    STANDARD OF REVIEW**

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence

and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff argues the Commissioner's decision is not supported by substantial evidence because (1) the ALJ erred by finding Plaintiff did not meet Listing 12.05C that was in effect at the time of the ALJ's decision; (2) the ALJ gave great weight to the initial medical evaluations even though these evaluations did not consider subsequently admitted medical evidence of Plaintiff; and (3) the AC erred by not applying the same version of the Listings as the ALJ. Pl.'s Br. As explained below, none of Plaintiff's arguments form a valid basis for reversal or remand.

### A. The AC Correctly Applied the New Listings Under 12.00 Because Plaintiff's Claim was Pending on the Effective Date

On September 26, 2016, the Social Security Administration revised the medical criteria for evaluating mental disorders, which revised the pertinent Listings in this case. Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66, 138 (Sept. 26, 2016). The new Listing 12.05 "simplified the four sets of criteria into two alternate criteria

in subsections 12.05(A) and (B)," thereby eliminating 12.05C and 12.05D. <u>Dames v. Comm'r of Soc. Sec.</u>, 743 F. App'x 370, 372-73 (11th Cir. 2018) (citing Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66, 138 (Sept. 26, 2016)); <u>see also</u> 20 C.F.R. Part 404, Subpart P, Appendix 1, §12.05. Plaintiff argues the ALJ erred by determining Plaintiff did not meet Medical Listing 12.05C based on the Listings in effect prior to January 17, 2017. Pl.'s Br., pp. 6-8. The ALJ rendered his decision on August 11, 2016. R. 22-47. The AC rendered its decision on February 1, 2018. R. 4-9.

The new Listings were to be applied to all new and pending Social Security cases as of January 17, 2017. Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66, 138 (Sept. 26, 2016). The Social Security Administration provided detailed instructions regarding the effective date as follows:

**When will we begin to use these final rules?**

As we noted in the dates section of this preamble, these final rules will be effective on January 17, 2017. We delayed the effective date of the rules to give us time to update our systems, provide training and guidance to all of our adjudicators, and revise our internal forms and notices before we implement the final rules. The prior rules will continue to apply until the effective date of these final rules. When the final rules become effective, we will apply them to new applications filed on or after the effective date of the rules, and to claims that are pending on or after the effective date.

. . . .

1. This means that we will use these final rules on and after their effective date, in any case in which we make a determination or decision. We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions. If a court reverses our final decision and remands a case for further administrative proceedings after the effective date of these final rules, we will apply these final rules to the entire period at issue in the decision we make after the court's remand.

6

Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66, 138 & n.1 (Sept. 26, 2016) (emphasis in original). The Eleventh Circuit follows the regulation's own terms of applicability and applies the rules in effect at the time of the final decision. See Dames, 743 F. App'x at 372-73 (holding review is limited to Listing in effect at time of Commissioner's final decision). Where, as here, the AC grants review, its subsequent decision is the final decision rather than the earlier decision by the ALJ. 20 C.F.R. §§ 416.1484(a), 422.210. The AC correctly applied the new Listings in effect at the time of its final decision.

### B. The ALJ Properly Concluded Plaintiff's Impairments Did Not Meet or Medically Equal the New Listing 12.03, 12.04, or 12.05

Plaintiffs argues that, even if the new Listings applied on appeal, the Appeals Council erred by (1) making its own factual findings and applying new Listings not considered by the ALJ; (2) failing to conduct a hearing; (3) summarily applying the Listings without making specific findings as to why each did not apply; and (4) finding Plaintiff did not satisfy the requirements of new Listings 12.03, 12.04, and 12.05. The Court finds no error.

At step three of the evaluation process, the Commissioner must determine whether a claimant meets or equals a disability described in the Listing of Impairments, which describes impairments severe enough to prevent a person from performing any gainful activity. Davis v. Shalala, 985 F.2d 528, 532 (11th Cir. 1993). Plaintiff bears the burden of showing that his condition meets or equals a Listing. Castle v. Colvin, 557 F. App'x 849, 852 (11th Cir. 2014) (*per curiam*); Wilkinson *ex rel*. Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987).

In order to show his impairment meets a Listing, Plaintiff needs to satisfy all of the specified medical criteria; "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). "To 'equal' a

7

Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'" Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002) (citation omitted). It is axiomatic that when a claimant's condition meets or equals a Listing, the Commissioner must find the claimant disabled without regard to the claimant's age, education, or previous work experience. 20 C.F.R. § 404.1520(d).

With respect to his first argument, Plaintiff appears to imply the AC has limited authority and cannot make new factual findings or apply legal rules not considered by the ALJ. Pl.'s Br., pp. 10-11. On the contrary, the Appeals Council has broad discretion to "affirm, modify or reverse the administrative law judge hearing decision or it may adopt, modify or reject a recommended decision. If the Appeals Council issues its own decision, it will base its decision on the preponderance of the evidence." 20 C.F.R. § 416.1479.

Second, Plaintiff argues he was entitled to a hearing before the AC because he requested one and the Listings changed substantively. Pl.'s Br., p. 11. In its review, the AC "consider[s] the evidence in the [ALJ] hearing record and any additional evidence it believes is material to an issue being considered." 20 C.F.R. § 416.1470. The AC will grant a request to present oral argument "if it decides that your case raises an important question of law or policy or that oral argument would help to reach a proper decision." 20 C.F.R. § 416.1476. Here, there is no record of Plaintiff requesting an in-person hearing. The AC notified Plaintiff of its decision to review his case on October 11, 2017 and gave him thirty days to request oral argument and send additional statements advocating his position. R. 186-87. The record shows there was only one submission to the AC within thirty days of the notification, and in that letter to the AC, Plaintiff did not request a hearing. R. 342-44. Further, Plaintiff points to no new evidence the AC failed to consider. Plaintiff also does not

cite to, and the Court could not find, any authority requiring the AC to grant a new hearing because the Listings changed. The AC specifically stated it considered the statement submitted by Plaintiff and found it did not provide a basis for changing its decision. See R. 177-80, 181-87, 342-44. Thus, there is no error by the AC.

Third, the Court finds (a) the AC considered the new Listings and explained its rationale for finding Plaintiff did not satisfy the "Paragraph B" criteria; and (b) there is no error in the AC's summary ruling Plaintiff did not satisfy the "Paragraph C" criteria. Citing substantial evidence in support, the AC explained in detail why it concluded Plaintiff did not satisfy the "Paragraph B" criteria for all three of the Listings cited by Plaintiff as providing relief, i.e. Listings 12.03, 12.04, and 12.05. See Pl.'s Br., p. 11 (arguing Plaintiff qualifies for disability under Listings 12.03, 12.04, and 12.05). The AC found Plaintiff's "borderline intellectual functioning, depression, schizoaffective disorder, and Asperger's disorder do not meet or equal the requirements of Listings 12.03, 12.04, 12.10, 12.11." R. 5. The AC then proceeded to analyze the Listings as revised on January 17, 2017, specifically addressing whether Plaintiff meets the "Paragraph B" mental functioning criteria of the new Listings. R. 5-6.

In evaluating Paragraph B, the AC looked to the entire record, R. 8., and specifically discussed each sub-criterion, finding Plaintiff had (1) moderate difficulty in his ability to understand, remember, or apply information; (2) moderate difficulty in the ability to interact with others; (3) moderate difficulty in the ability to concentrate; and (4) moderate difficulty in the ability to adapt or manage oneself. Id. Because Plaintiff did not have a marked limitation in any of the sub-criteria, he could not meet Paragraph B. The AC relied heavily on Dr. Adrian Janit's Psychological Evaluation from March 10, 2012, which the AC, as adopted from the ALJ's

9

decision, gave great weight. Id.; R. 38. Thus, the AC's findings as to Paragraph B are supported by substantial evidence.

With respect to Paragraph C, the AC found as follows: "We considered the 'paragraph C' criteria. The evidence fails to establish the 'paragraph C' criteria." R. 6. Plaintiff argues generally, without reference to this Paragraph C finding, he is "entitled to a specific finding as to why [the new Listings] did not apply." (Doc. no. 11 at 11.) However, the Eleventh Circuit has long held "it is not required that the Secretary mechanically recite the evidence leading to [the] determination. There may be an implied finding that a claimant does not meet a listing." Hutchinson v. Bowen, 787 F.2d 1461, 1463 (11th Cir. 1986); see also Flemming v. Comm'r of Soc. Sec. Admin., 635 F. App'x 673, 676 (11th Cir. 2015) (finding no error in holding plaintiff did not meet Listing despite absence of detailed factual findings or explicit discussion of conclusion). Plaintiff does not offer any facts or citations to the record to support a finding his severe impairments satisfy the "Paragraph C criteria." Indeed, Plaintiff's brief never mentions these criteria. The summary finding by the AC is adequate under Hutchinson and Flemming, and Plaintiff offers no argument the AC's finding is erroneous.

Plaintiff also argues, without explanation, "the new regulation that arguably addresses Plaintiff's disability would be new section 12.05 on 'Intellectual Disability.'" Pl.'s Br., p. 11. This Listing can be satisfied by meeting all of the requirements of its Paragraph A or B. The AC found, as explained above, Plaintiff's condition did not satisfy the four prongs of Paragraph B concerning mental functioning, as set forth in Paragraph B(2) of Listing 12.05, which forecloses any finding Plaintiff satisfies Paragraph B. R. 5-6.

While the AC never specifically refers to Paragraph A of Listing 12.05, it found Plaintiff did not have significant deficits in adaptive functioning when discussing Listing 12.11. R. 6.

Paragraph A of Listing 12.05 requires significant deficits in adaptive functioning, "currently manifested by your dependence upon others for personal needs (for example, toileting, eating, dressing, or bathing)." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05. Citing substantial evidence, the AC found, in the context of Listing 12.11, Plaintiff's daily activities exhibited sufficient indicia of his independence, such as attending art school, cleaning his room by himself, and attending regular academic classes at school. R. 6. The substantial evidence cited in support of the adaptive functioning determination as to Listing 12.11 applies equally to the adaptive functioning analysis under Listing 12.05. Indeed, it appears the AC merely made a typographical error by citing Listing 12.11 rather than Listing 12.05. Plaintiff makes no effort to cite facts in the record suggesting the AC's adaptive functioning finding is incorrect. Thus, the AC's finding Plaintiff did not meet any of the Listings is supported by substantial evidence.

### C. The AC Properly Adopted the ALJ's Decision to Give Great Weight to Findings by Dr. Janit and the Disability Determination Services, and It Also Properly Considered Subsequent Medical Records

Plaintiff argues the ALJ erred by giving great weight to findings made in 2012 by evaluators Dr. Janit and Disability Determination Services without seeking reconsideration by these same evaluators based on subsequent medical records from 2012 to the date of the ALJ August 11, 2016 decision. R. 9-10. Plaintiff argues the subsequent medical records "document a longitudinal course of care and treatment reflecting that the claimant has continued to have varying mental health issues during the entire relevant period of time." Plaintiff explains information concerning longitudinal care of treatment "can be quite significant" in determining the date of disability onset. Id. at 9. This argument does not afford a basis for reversal or remand for at least six reasons.

First, Plaintiff does not argue the ALJ and AC erred by adopting the findings of Dr.

11

Janit and DDS. Because Dr. Janit examined Plaintiff, his findings are entitled to deference. See 20 C.F.R. § 416.927(c)(1)-(2), (5) (stating examining doctor's medical opinion is entitled more weight than non-examining doctor's opinion). Second, Plaintiff does not contend the subsequent medical records contradict the findings of Dr. Janit and DDS or show a significant change in Plaintiff's condition that would have warranted material revisions to their findings. The Court has reviewed these subsequent medical records and cannot find any such contradiction or significant changes. At most, Plaintiff merely contends the subsequent records document a longitudinal course of treatment that may assist in determining a disability onset date.

Third, Plaintiff does not cite, and the Court could not find, any authority requiring the ALJ or AC seek reconsideration from evaluating and consulting experts merely because additional medical records are available. Fourth, as set forth in 20 C.F.R. § 416.1527(d), the determination of disability regarding a Social Security claim is reserved to the Commissioner. Here, the ALJ specifically considered the subsequent medical records and listed each medical visit. R. 32-35. Likewise, the AC specifically stated it reviewed the entire record. R. 8.

Lastly, Plaintiff cites in support Payne v. Colvin, CV 113-107 (S.D. Ga. June 12, 2014). Payne is materially distinguishable because the ALJ (1) discounted the opinions of treating physicians as inconsistent with the medical records as a whole without bothering to explain the inconsistency; and (2) relied heavily on the opinion of a non-examining consultant who never received the treating physicians' opinions.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final

judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 20th day of August, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA